IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA, | 3:20-cr-152 |
|---|---|
| Plaintiff, | |
| vs. | MOTION FOR REDUCTION IN SENTENCE UNDER AMENDMENT 821, PART B TO THE UNITED STATES SENTENCING GUIDELINES |
| FRANK CHARLES GRADY, | |
| Defendant. | |

Frank Charles Grady, through counsel, moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines § 1B1.10, and Part B of Amendment 821 to the United States Sentencing Guidelines.

For the reasons set forth below, Mr. Grady respectfully requests a reduced sentence of 70 months under Part B of Amendment 821:

| | Original Guidelines | Amended Guidelines |
|---|---|---|
| **Base Offense Level** | 14 (USSG § 2C1.1(a)(1)) | 14 (USSG § 2C1.1(a)(1)) |
| **Enhancements** | +2 (multiple bribes, USSG § 2C1.1(b)(1))<br><br>+12 (loss amount, USSG §§ 2C1.1(b)(2), (b)(1)(G))<br><br>+4 (elected official, USSG § 2C1.1(b)(3)) | +2 (multiple bribes, USSG § 2C1.1(b)(1))<br><br>+12 (loss amount, USSG §§ 2C1.1(b)(2), (b)(1)(G))<br><br>+4 (elected official, USSG § 2C1.1(b)(3)) |
| **Acceptance of Responsibility** | -3 | -3 |
| **Reduction under § 4C1.1** | (not applicable) | -2 |
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | I | I |
| **Guideline Range** | 87 to 108 months | 70 to 87 months |
| **Sentence** | 75 months | 70 months (requested) |

## BACKGROUND

On November 21, 2022, Mr. Grady was sentenced to 75 months in prison for honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, and 2. Doc. 96. He is currently serving that sentence and his estimated release date is September 25, 2027. *See* https://www.bop.gov/inmateloc (Reg. No. 18067-046).

## DISCUSSION

### I.  Retroactive Amendment Reducing Offense Level for Zero-Point Offenders

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). As relevant here, the amendment reduces by two levels the offense level for offenders who receive zero criminal history points and who satisfy several other criteria. USSG App. C, Amend. 821, Part B, Subpart 1. The new guideline provides for a two-level decrease in offense level when:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

USSG § 4C1.1(a).

The Court has the authority to reduce a term of imprisonment where the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Sentencing Commission designated that Amendment 821, Part B, Subpart 1 applies retroactively to people sentenced before November 1, 2023, who are currently serving a term of imprisonment. *See* USSG § 1B1.10(d). Thus, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered" because of Amendment 821, Part B, "the court may reduce the defendant's term of imprisonment." USSG § 1B1.10(a). The Court may reduce a term of imprisonment

3

to as low as the minimum of the amended guideline range determined after applying the retroactive amendment. USSG § 1B1.10(b)(2)(A).

The Sentencing Commission implemented Part B of Amendment 821 to reflect zero-point offenders' substantially lower likelihood of reoffending compared to others, including one-point offenders. USSG App. C, Amend. 821, Reason for Amendment. Commission data showed that "'zero-point offenders' were less likely to be rearrested than 'one point' offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category." *Id.* A retroactive reduction in a zero-point offender's sentence thus reflects the substantially lower likelihood that he or she will reoffend after release and ensures that the sentence is not longer than necessary to achieve the aims of 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a)(2)(C) (in crafting sentence, courts should consider, among other factors, "the need for the sentence imposed[] to protect the public from further crimes of the defendant").

## II.     Application of Amendment 821, Part B

Mr. Grady satisfies each of the Amendment 821, Part B requirements:

- He did not receive any criminal history points. PSR ¶ 33–34; *see* USSG § 4C1.1(a)(1).

- He did not receive an adjustment under § 3A1.4. *See* PSR ¶¶ 17–28; USSG § 4C1.1(a)(2).

- He did not use violence or credible threats of violence in connection with the offense. *See* PSR ¶¶ 5–11; USSG § 4C1.1(a)(3).

- The offense did not result in death or serious bodily injury. *See* PSR ¶¶ 5–11; USSG § 4C1.1(a)(4).

- The instant offense is not a sex offense. *See* PSR ¶ 1–3; USSG § 4C1.1(a)(5).

- He did not personally cause substantial financial hardship. *See* PSR ¶¶ 5–11; USSG § 4C1.1(a)(6).

To determine whether the offense involved substantial financial hardship, the Court should consider the factors in Application Note 4(F) of § 2B1.1. USSG § 4C1.1 comment. (n. 3). Those factors include whether any victim became insolvent, filed for bankruptcy, suffered a substantial loss to a retirement, savings, or investment fund, had to postpone retirement, had to move to a less expensive home, or suffered harm to their ability to obtain credit. USSG § 2B1.1 comment. (n. 4(F)).

This offense did not cause substantial financial hardship. The victim of Mr. Grady's conduct was the Mandan, Hidatsa, and Arikara Nation. PSR ¶ 12; Doc. 91. As the Tribe noted in its victim impact letter, it lost money from this scheme. Doc. 91. That money was not available to be spent on important services for tribal members. *Id.* The Tribe did not allege, however, that the scheme caused it to become insolvent or bankrupt, or that the loss of money caused it to terminate or cancel any public service. *Id.* Although the loss was meaningful to the Tribe, and Mr. Grady will be required to pay back his portion in restitution payments, the loss did not amount to substantial financial hardship.

- Mr. Grady did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. *See* PSR ¶¶ 5–11; USSG § 4C1.1(a)(7).

- The instant offense of conviction is not covered by § 2H1.1. *See* PSR ¶ 17–28; USSG § 4C1.1(a)(8).

- He did not receive an adjustment under § 3A1.1 or § 3A1.5. *See* PSR ¶¶ 17–28; USSG § 4C1.1(a)(9).

- He did not receive an adjustment under § 3B1.1 and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. *See* PSR ¶¶ 1–3, 5–11, 17–28; *see* USSG § 4C1.1(a)(10).

The two-level decrease for zero-point offenders thus applies to Mr. Grady.

The amendment lowers Mr. Grady's applicable guideline range. His original and amended guideline ranges are calculated as follows:

|  | **Original Guidelines** | **Amended Guidelines** |
|---|---|---|
| **Base Offense Level** | 14 (USSG § 2C1.1(a)(1)) | 14 (USSG § 2C1.1(a)(1)) |
| **Enhancements** | +2 (multiple bribes, USSG § 2C1.1(b)(1))<br><br>+12 (loss amount, USSG §§ 2C1.1(b)(2), (b)(1)(G))<br><br>+4 (elected official, USSG § 2C1.1(b)(3)) | +2 (multiple bribes, USSG § 2C1.1(b)(1))<br><br>+12 (loss amount, USSG §§ 2C1.1(b)(2), (b)(1)(G))<br><br>+4 (elected official, USSG § 2C1.1(b)(3)) |
| **Acceptance of Responsibility** | -3 | -3 |
| **Reduction under § 4C1.1** | (not applicable) | -2 |
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | I | I |
| **Guideline Range** | 87 to 108 months | 70 to 87 months |
| **Sentence** | 75 months | 70 months (requested) |

*See* PSR ¶¶ 17–28, 33–34, 52; Doc. 96; Doc. 97; USSG § 4C1.1.

The Court's original sentence of 75 months was 12 months below the then-applicable guideline range. In reducing a sentence based on a retroactive amendment to the guideline range, the Court may only reduce the sentence to the low-end of the new guideline range. USSG § 1B1.10(b)(2)(A). For that reason, Mr. Grady asks that the Court impose a low-end sentence of 70 months.

7

## CONCLUSION

Mr. Grady respectfully asks that the Court reduce his sentence to a term of 70 months' imprisonment.

Dated this 6th day of June, 2024.

                                Respectfully submitted,

                                JASON J. TUPMAN
                                Federal Public Defender
                                By:

                                */s/   Anne M. Carter*
                                Anne M. Carter
                                Assistant Federal Public Defender
                                Attorney for Defendant
                                Office of the Federal Public Defender
                                Districts of South Dakota and North Dakota
                                112 Roberts Street North, Suite 200
                                Fargo, ND 58102
                                Telephone: 701-239-5111
                                Facsimile:  701-239-5098
                                filinguser_SDND@fd.org